UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-62428-BLOOM

PETER SPOREA,

    Plaintiff,

v.

BROWARD COUNTY CLERK OF COURT,

    Defendant.
_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon Plaintiff Peter Sporea's Notice/Motion to Clerk and Demand of Explanations from Judge BLOOM for Premature Case Dismissal, filed on January 20, 2023. ECF No. [10] ("the Motion"). The Court construes the Motion as a motion for reconsideration of the Court's Order denying Plaintiff's motion to proceed *in forma pauperis*. ECF No. [9]. The Court has carefully reviewed the Complaint, the Motion, and the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is **DENIED AS MOOT**.

    **I.**    **Background**

On December 27, 2022, Plaintiff filed a Complaint against the County Clerk of Court ("the Clerk") for the Florida Seventeenth Judicial Circuit Court ("Circuit Court"). ECF No. [1]. The Complaint alleges that the Clerk was in a "partnership with Lender" in which the Clerk enabled Lender to foreclose on Plaintiff's residential property. *Id.* 3-4. The Clerk allegedly did so generally by refusing to accept Plaintiff's filings while accepting Lender's filings in the foreclosure action, ultimately leading to the "Sheriff BSO" removing Plaintiff and his personal belongings from the

residential property. *Id.* The Complaint pleads four claims against the Clerk for (1) Breach of Judges Directions and Orders ("Count I"), (2) Breach of his limited Authority of RECORD KEEPER ("Count II"), (3) Breach of FORECLOSURE Dismissal by Circuit Judge (Lazarus) and Bankruptcy Court's "Automatic Stay in place" ("Count III"), and (4) Breach of APPELATE [sic] COURT (4DCA) Rules of Writ of Possession and Rights ("Count IV"). *Id.* 2-5. The Complaint seeks $2 million in damages, and a declaration that Plaintiff has a right to free access to federal courts. *Id.* at 6.

On December 29, 2022, the Court dismissed without prejudice Plaintiff's Complaint because Plaintiff failed to pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with a supporting financial affidavit. ECF No. [6]. On January 9, 2023, Plaintiff filed a motion for leave to proceed *in forma pauperis*. ECF No. [8] ("the IFP Motion"). Plaintiff wrote at the top of the motion "Note: Application already submitted with original filings. Approval is based on income." *Id.* The Court denied Plaintiff's motion to proceed *in forma pauperis* but explained that "Plaintiff may file a new complaint and either pay the filing fee or file a motion to proceed *in forma pauperis* with the supporting affidavit." ECF No. [9]. The Court further explained that "Plaintiff should not file those documents in this case (No. 22-cv-62428), which is closed, but rather should open a new case." *Id.*

On January 20, 2023, Plaintiff filed the instant Motion. ECF No. [10]. Plaintiff explains in the Motion that Plaintiff submitted a complete "Case Package" that included a cover sheet and an Application / Motion for Leave to Proceed *in Forma Pauperis* with a supporting affidavit. *Id.* 1-2. Plaintiff thus argues that the Court's Order on December 29, 2022 was premature. The Court construes Plaintiff's Motion as a motion to reconsider the Court's December 29, 2022 Order. For the reasons set forth below, the Court proceeds to address Plaintiff's Complaint.

Case No. 22-cv-62428-BLOOM

## II. Legal Standard

### A. Proceedings *in Forma Pauperis*

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 8 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg.

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

3315 (Jan. 21, 2022). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

### B. Examination of a Case under the Provisions of 28 U.S.C. § 1915(e)(2)

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

In determining whether an action fails to state a claim on which relief may be granted, the following standards are relevant. A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

**C.     Discussion**

Because the screening provisions of 28 U.S.C. § 1915(e)(2) apply to Plaintiff's Motion, the Court first reviews the Complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court determines that Count I for "Breach of Judges Directions and Orders" fails to state a claim on which relief may be granted. Plaintiff alleges the Clerk of Court barred Plaintiff from filing a Complaint "in the middle of proceedings" because she had "partner[ed] with the Lender to assure his [WINNING]." ECF No. [1] at 2. This naked assertion is devoid of any factual enhancement. Plaintiff alleges no facts which lead to a plausible inference that the Clerk of Court and the Lender acted in concert in violation of Plaintiff's rights. Even construing Plaintiff's Complaint liberally, those allegations fail to meet the pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

The Court also determines that Count II and III for actual damages for violations of an

automatic stay upon the filing of a bankruptcy petition similarly fail to state a claim on which relief may be granted. Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). The stay takes effect immediately upon the filing of the petition. *Cf. In re Williford*, 294 F. App'x 518, 521 (11th Cir. 2008). "Actions taken in violation of the automatic stay are void and without effect." *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (citations and quotation marks omitted). Plaintiff alleges that "[t]he Lender's Foreclosure Action . . . was Dismissed, []including any after Motions of . . . Dismissal[] . . . No Appeal filed by Lender . . . therefore the Foreclosure Dismissal STAY[,]" and seeks $ 2 million in damages. ECF No. [1] at 4. However, Plaintiff does not allege that he filed a bankruptcy petition in the first place. Although Plaintiff provides case numbers for his prior complaint in federal court and the underlying state court action, he provides none for the bankruptcy proceeding. As such, taking the Complaint's factual allegations as true, Plaintiff fails to adequately to allege that the Clerk of Court violated an extant automatic stay. Counts II and III must therefore be dismissed.

Finally, Count IV ("Breach of APPELATE [sic] COURT . . . Rules of Writ of Possession and Rights"), must be dismissed because the Court lacks subject matter jurisdiction over the claim. Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). There is no federal question that is clear from Count IV for which this Court would have jurisdiction under 28 U.S.C. § 1331, nor are there any allegations that this Court would have jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. As such, Count IV fails to state a claim on which relief

Case No. 22-cv-62428-BLOOM

may be granted.

On reconsideration, because the Complaint fails to state a claim on which relief may be granted, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [8], is moot; therefore, Plaintiff's Motion is also denied as moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Clerk and Demand of Explanations, **ECF No. [10]**, is **DENIED AS MOOT**.

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

3. The case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 3, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Peter Sporea
11450 NW 45th Street
Coral Springs, FL 33065
PRO SE